Argued at Pendleton May 3; affirmed July 7, 1943

# CLARK MOTOR CO. *v.* UNITED PACIFIC INSURANCE CO.

# UNITED PACIFIC INSURANCE CO *v.* CLARK MOTOR CO. ET AL.

(139 P. (2d) 570)

Before Bailey, Chief Justice, and Belt, Lusk and Hay, Associate Justices.

*Blaine Hallock,* of Baker (Hallock, Donald & Banta, of Baker, on the brief) for appellant.

*A. S. Grant,* of Baker (Heilner, Grant & Fuchs, of Baker, and J. D. MacGillivray, of Seattle, Wash., on the brief) for respondent.

BELT, J. This is an action on a garage liability insurance policy to recover the amount of money paid by the assured in satisfaction of a judgment obtained against it by a third person. This action was, by stipulation of the parties, consolidated with a suit brought by the United Pacific Insurance Company against Blaine Hallock, owner of the automobile alleged to have been damaged, and the Clark Motor Company, to obtain, under the declaratory judgment act, a construction of the policy of insurance. The cause was tried by the court, without the intervention of a

jury, and a judgment rendered in favor of the insurance company, providing, however, that neither party recover costs and disbursements. The court further adjudged and decreed that Blaine Hallock "go hence without day" and that he recover his costs and disbursements against the United Pacific Insurance Company. The assured, Clark Motor Company, and Blaine Hallock appeal.

The undisputed facts out of which this controversy arose are as follows:

Blaine Hallock was the owner of a Lincoln-Zephyr automobile. While Hallock was driving the car about twenty miles from Baker, Oregon, it sustained damage to such an extent that it could not be moved under its own power. Hallock employed the Clark Motor Company, on April 21, 1940—the day of the accident —to bring its "wrecker" and tow the car to the garage company's place of business at Baker for the purpose of repairing it. While the Clark Motor Company was thus towing the car, it was negligently overturned and damaged. Hallock was not in the car at the time as he had previously gone to Baker in another automobile. The assured immediately notified the insurance company of the accident and the latter replied at once disclaiming liability under the policy. It was the insurance company's contention that the damage to the Hallock car was not covered by the policy by reason of an exclusion clause which provided that "This policy does not apply: (1) Under coverage B to property owned by, rented to, leased to, in charge of, or transported by the insured." Specifically, the insurer disclaimed liability because, at the time of the damage sustained to the Hallock car, it was in charge of and being transported by the assured.

Hallock commenced action in Union county against the Clark Motor Company to recover damages sustained to his car while being towed and obtained a judgment in the sum of $625.40. It was while this action was pending that the insurer instituted the declaratory judgment proceedings in Baker county. Insurer appeared and defended the action for damages notwithstanding the fact that the assured refused to sign a "reservation of rights" agreement. Assured contends that, by reason of this appearance, the insurer is estopped from asserting that the accident is not covered by the policy.

Aside from the matter of waiver or estoppel, the vital question in the case is the construction of the policy. An insurance policy, like any other contract, is to be construed in accordance with the intention of the parties, which is to be ascertained from the entire agreement. The policy must be viewed by its four corners. All parts and clauses must be construed to determine if and how far one clause is modified, limited, or controlled by others: 29 Am. Jur. 176, § 160. Any reasonable doubt as to the meaning of the policy must be resolved in favor of the insured: *Nugent v. Union Automobile Insurance Co.*, 140 Or. 61, 13 P. (2d) 343; *Rossier v. Union Automobile Insurance Co.*, 134 Or. 211, 291 P. 498; *Zurich Ins. Co. v. Carlton & C. R. Co.*, 133 Or. 398, 291 P. 349; *Zimmerman v. Union Automobile Insurance Co.*, 133 Or. 600, 291 P. 495. The very purpose of an exclusion clause is to limit the liability of the insurer and the language thereof, if plain and unambiguous, must be given force and effect, if not contrary to public policy. It is clearly within the province of the insurer to decide what it will insure against and what it will not.

The very first paragraph of the policy reads as follows:

"UNITED PACIFIC INSURANCE COMPANY. Seattle, Washington DOES HEREBY AGREE with the Insured, named in the Declarations made a part hereof, in consideration of the payment of the premiums and of the statements contained in the Declarations and *subject to the limits of liability, exclusions, conditions* and other terms of this policy:" (Italics ours.)

Under INSURING AGREEMENTS, COVERAGE B—Property Damage Liability, the insurer agrees:

"To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of such of the operations hereinafter defined as are indicated by specific premium charge or charges in Item 3 of the Declarations."

Under Item 3 of the Declarations, we find the type of operation in which the insured was engaged designated as "Automobile Dealer and Repair Shop" which is thus defined therein:

"The ownership, maintenance, occupation or use of the premises herein designated, including the public ways immediately adjoining, for the purpose of an automobile dealer or repair shop, and all operations either on the premises or elsewhere which are necessary and incidental thereto, including repairs of automobiles or their parts, and ordinary repairs of buildings on the premises and the mechanical equipment thereof; and the ownership, maintenance or use of any automobile for any purpose in connection with the above defined operations, and also for pleasure use."

■ If we were to look only to the "Insuring Agreements" of the policy, there would be no doubt as to coverage as the automobile "wrecker" at the time of the accident was being used in connection with the operation of the business in which the insured was engaged. However, in construing the policy, we cannot exclude from consideration the plain and unambiguous language of the exclusion clause. There may be some question as to whether the towing of the car was "transportation" within the meaning of the policy, but we think there can be no doubt that at the time Hallock's car was damaged it was "in charge of" the assured and therefore not covered by the policy: *State Automobile Mut. Ins. Co. v. Connable-Joest, Inc.*, 174 Tenn. 377, 125 S. W. (2d) 490; *Parry v. Maryland Casualty Co.*, 228 App. Div. 393, 240 N. Y. S. 105; *Root Motor Co. v. Massachusetts Bonding and Ins. Co.*, 187 Minn. 559, 246 N. W. 118; Berry on Automobiles (7th Ed.), Vol. 6, § 6.657; Blashfield, Cyc. of Automobile Law and Practice (Permanent Ed.), Vol. 6, § 4154; Appleman on Automobile Liability Insurance, p. 200.

■■ True, the exclusion clause greatly limits the liability of the insurer but it is not so repugnant to the "Insuring Agreements" as to defeat the purpose of the policy and thereby lead to an absurd result. As said in Couch's Cyclopedia of Insurance, Vol. 1, § 187:

"* * * an insurer ordinarily may insert as many exemption clauses in its policy as it sees fit, and the courts cannot change terms by judicial construction, even in the case of exemptions from liability, if the same are free from ambiguity and uncertainty as to meaning."

Cases involving exclusion clauses containing ambiguous language are not in point. Here the language is clear and certain. It may be that, in view of the limited

number of employees of the insured who drove an automobile that the policy was ill-advised and that one covering "Automobile Storage Garage" would have better served its purpose but that is a matter of business judgment with which we cannot be concerned.

■ Counsel for the assured contends that each phrase of the exclusion clause is dependent upon the other and, when so considered, the words "in charge of, or transported by the insured" refers only to property which the insured is using in connection with its business. In our opinion, such construction is not warranted by the language of the exclusion clause. It may be said with a reasonable degree of certainty that there is no decision of any Supreme Court involving the construction of a similar exclusion clause in a garage liability insurance policy which supports the contention of the assured in this case. Certainly no such decision has been cited and we have found none after diligent research.

*State Auto Mutual Ins. Co. v. Connable-Joest, Inc.,* supra, is particularly in point. That was an action on a policy of liability insurance to recover property damage sustained when an automobile fell off a hoist while it was elevated for the purpose of being greased and oiled. The exclusion clause was identical with the one involved herein. The trial court and the intermediate court of appeals held that such exclusion clause did not relieve the insurance company from liability, but the judgment against the insurer was reversed on appeal. Referring to the policy, the court said:

"If the question of the liability of the insurance company is to be determined alone by the provisions of the policy above mentioned, there could be no question of its liability for damage to the auto-

mobile caused by accidentally falling off the hoist. But the contract must be construed as a whole, and the exclusions clause, wherein it was agreed that the company should not be liable for damage to property 'owned, rented, leased, in charge of, or transported by the assured,' must be given full force and effect. When so construed, it is clear that the policy, which is one of indemnity, afforded coverage to the insured in the event of damage to the property of others, not rented, leased by, or in charge of the insured.

"* * * The intent of the parties, as ascertained from the contract, was to exclude the insurance company from liability for claims for damage to property under the control and management of the insured, whether by virtue of ownership, lease, rental, or having charge of the property under any other authority, or in any other capacity."

In *Parry v. N. Y. Casualty Co.*, supra, assured was towing an automobile owned by a third person and it was damaged by colliding with a pole. Assured brought an action on the policy to recover the amount of a judgment obtained against them by the owner of the car. The exclusion clause was as follows:

"Provided, however, that this policy shall not cover damage to property of the Assured and/or property in the custody of the Assured and for which the Assured is legally responsible, and/or property carried in or upon any automobile of the Assured, or in or upon any automobile in the custody of the Assured."

The trial court found for the insured (135 Misc. Rep. 883, 238 N. Y. S. 613). On appeal, the judgment was affirmed for the reason that the record failed to disclose that the car at the time of the accident was in the custody of the assured, but the construction of the

exclusion clause was in keeping with the contention of the insurer. It was held that if the evidence showed that, at the time the car was being towed, it was in the custody of the assured, there was no coverage under the policy.

In Appleman's Automobile Liability Insurance, p. 200, the author, referring to the clause excluding property "owned by, rented to, leased to, in charge of, or transported by insured," says:

> "This exclusion clearly applies only to property damage coverages. There is entirely too much danger of the human element entering into the proper settlement of losses which, except for this exclusion, would otherwise be covered. The natural desire to escape payment of a loss personally would lead the policy-holder to establish a certain situation, not in fact existent, or to exaggerate or color the facts in order to have the loss covered.  *  *  *
>
> "Property owned by the insured and damaged by him personally could never form a proper basis of a claim as he could not, of course, be plaintiff and defendant in the same action. If the automobile is being operated by another person, however, with the insured's permission and the insured's property is damaged by such operator then this section comes into particular force and operation."

■ Having concluded that the loss is not covered by the policy by reason of the exclusion clause in question, we next consider whether the insurer, by its conduct, is estopped from asserting its nonliability under the policy. Upon receipt of notice of accident, the insurance company gave timely notice by wire and letter to the assured that it was not liable under the policy, referring specifically to the exclusion clause under consideration. Its subsequent conduct was never inconsistent with such contention. When the insurance

company appeared to defend the action brought by Hallock against the garage company, it did so in good faith and with the definite assertion that, by so doing, it was not waiving its right to assert nonliability. There was nothing that the insurer did or failed to do that could in any way mislead the assured to its prejudice. We see no element of waiver or estoppel involved in this case.

The general rule is well established that an indemnity insurer will not be estopped to set up the defense of nonliability by reason of having participated in defense of the action against the insured if it has given timely notice to the assured that it does not waive the benefit of such defense. The rule is thus stated in a note 59 A. L. R. 308:

> "An insurer which denies its liability under the provision of its policy under consideration, before judgment, and while the insured has sufficient time to protect its interest at the trial of the cause by providing its own counsel, or otherwise, it is not estopped, in an action against it on the policy, to plead this provision as a defense in an action upon the policy, although it may have assumed the defense of an action against the employer by an employee  *  *  *."

As said in *Fidelity & Casualty Company of New York v. Stewart Dry Goods Co.*, 208 Ky. 429, 271 S. W. 444, 43 A. L. R. 318:

> "*  *  *  it had the right to proceed with the action, after giving full notice to the insured of the situation and giving it full opportunity to protect its rights. All it was bound to do was fairly to assert its rights under the policy in such a manner as would be notice to the insured that it did not waive those rights, by proceeding with the defense

of the action, and also to do nothing in the defense of the action to the prejudice of the rights of the insured.''

In support of the above rule, see: *Kidd v. Minnesota Atlantic Transit Co.*, 261 Mich. 31, 245 N. W. 561; *Sargent Mfg. Co. v. Travelers' Ins. Co.*, 165 Mich. 87, 130 N. W. 211, 34 L. R. A. (N. S.) 491; *Hardware Mutual Casualty Co. v. Higgason*, 175 Tenn. 357, 134 S. W. (2d) 169; *Commercial Casualty Ins. Co. v. Fruin-Colnon Cont. Co.*, 32 F. (2d) 425; *Tri-State Casualty Ins. Co. v. McDuff* (Okla.), 134 P. (2d) 342; *Liddell v. Standard Acc. Ins. Co.*, 283 Mass. 340, 187 N. E. 39; *Basta v. U. S. F. & G. Co.*, 107 Conn. 446, 140 A. 816; *Allegretto v. Oregon Auto Ins. Co.*, 140 Or. 538, 13 P. (2d) 647. Also see cases in note 81 A. L. R. 1383.

■ True, the assured refused to sign the reservation of rights agreement but it nevertheless impliedly assented to the appearance of the insurance company in the action brought by Hallock. When the insurer disclaimed liability, the insured had the right to secure other counsel.

We see no other assignments of error that merit discussion.

■ Since the two cases—one an action at law and the other a suit in equity—were consolidated, we shall, as did the trial court, treat the case as in equity. The decree is affirmed and neither party will recover costs or disbursements.