

# THE ATTORNEY GENERAL
## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

April 6, 1967

Hon. Jules Damiani, Jr.
Criminal District Attorney
Galveston County
Galveston, Texas

Opinion No. M-50

Re. Whether the County of Galveston may expend flood control funds derived from the collection of taxes under the provisions of Article 7048a, V.C.S., for the maintenance of seawalls constructed and financed under the provisions of Article 6830, V.C.S.

Dear Mr Damiani:

In a recent letter to this office you requested an opinion in regard to the above captioned matter. We quote from your letter as follows:

"Galveston County constructed, owns and maintains approximately ten miles of Seawall on the Island of Galveston, Texas and is in the process of constructing approximately seventeen miles of Seawall on the Mainland of Galveston, Texas. The seventeen miles being in various states of completion. Both the Island and Mainland Seawall projects were financed and constructed with bonds now being retired with ad valorem tax funds provided by Article 6830 et seq. V.A.C.S. . . . .

" . . .

"Galveston County has scheduled a 30¢ tax election for flood control and farm to market and lateral roads under the provisions of Article 7048a V.A.C.S., said election set for the 18th of March, 1967. Assuming the tax election is successful, may the County, pursuant to Sec. 5 of Article 7048a, expend tax funds for the maintenance of Seawalls which were constructed under Article 6830 V.A.C.S. Attention is called to the fact that Article 6830 provides for a maintenance tax of such Seawalls and requires authorization from 2/3rds of the qualified voters who are resident tax payers in said County, whereas Article 7048a

- 229 -

et seq. requires authorization from a simple majority of the qualified property tax paying voters voting in said election in favor of said additional tax. Attention is called to the fact that the benefits and additional tax revenue as provided in Article 6830 applies only to Gulf Coast Counties.

"Your opinion as to whether Sec. 5 of Article 7048a will allow the County of Galveston to expend funds for the maintenance of the Mainland and Galveston Island Seawalls is respectfully requested."

Section 7, Article XI of the Texas Constitution provides:

"All counties and cities bordering on the coast of the Gulf of Mexico are hereby authorized upon a vote of a two-thirds majority of the resident property taxpayers voting thereon at an election called for such purpose to levy and collect such tax for construction of sea walls, breakwaters, or sanitary purposes, as may now or may hereafter be authorized by law, and may create a debt for such works and issue bonds in evidence thereof. But no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent (2%) as a sinking fund, and the condemnation of the right of way for the erection of such works shall be fully provided for."

Article 6830, Vernon's Civil Statutes, provides as follows:

"The county commissioners' court of all counties, and the municipal authorities of all cities, bordering on the coast of the Gulf of Mexico, shall have the power and are authorized from time to time to establish, locate, erect, construct, extend, protect, strengthen, maintain and keep in repair and otherwise improve any sea wall or breakwater, levees, dikes, floodways

- 230 -

and drainways, and to improve, maintain and
beautify any boulevard erected in connection
with such sea wall or breakwater, levees, dikes,
floodways and drainways, and to incur indebted-
ness therefor, the payment of which may be pro-
vided for either with or without the issuance
of bonds. And said commissioners' courts and
municipal authorities shall also have power and
are hereby authorized to levy taxes not to ex-
ceed in any one year fifty cents on the one
hundred dollars of taxable values of said county
or city for the payment of said indebtedness,
provided that when the taxes are levied as herein
provided for, will not pay off said indebtedness
within five years, then the payment of said in-
debtedness shall be provided for by the issuance
of bonds as hereinafter provided."

Additional provisions relating to seawalls are
found in Article 6831, through Article 6839g, Vernon's
Civil Statutes. In relation to the issuance of bonds as pro-
vided for in Article 6830, Article 6834, et seq. provides that
a two-thirds majority of the qualified voters who are resid-
ent property taxpayers voting at an election called to app-
rove a levy of taxes under these statutes must vote in
favor of such levy of taxes.

Section 1-a, Article VIII of the Texas Cons-
titution provides, in part, as follows:

"From and after January 1, 1951, no State
ad valorem tax shall be levied upon any property
within this State for general revenue purposes.
From and after January 1, 1951, the several
counties of the State are authorized to levy ad
valorem taxes upon all property within their
respective boundaries for county purposes, except
the first Three Thousand Dollars ($3,000) value
of residential homesteads, not to exceed thirty
cents (30¢) on each One Hundred Dollars ($100)
valuation, in addition to all other ad valorem
taxes authorized by the Constitution of this
State, provided the revenue derived therefrom
shall be used for construction and maintenance
of Farm to Market Roads or for Flood Control,
except as herein otherwise provided. (Emphasis
added.)

" . . . "

Section 2, Article 7048a, Vernon's Civil Statutes, provides, in part, as follows:

"From and after January 1, 1951, the several counties of the State be and they are hereby authorized to levy, assess and collect ad valorem taxes upon all property within their respective boundaries for county purposes, except the first Three Thousand Dollars ($3,000) value of residential homesteads, not to exceed thirty cents (30¢) on each One Hundred Dollars ($100) valuation, in addition to all other ad valorem taxes authorized by the Constitution of the State, provided the revenue therefrom shall be used as provided in this Act for the construction and maintenance of Farm-to-Market and Lateral Roads or for Flood Control and for these two (2) purposes only. (Emphasis added.)

" . . . "

Section 5, Article 7048a, provides as follows:

"The funds transferred to the Flood Control Funds shall be under the jurisdiction and control of the Commissioners Court of such county and shall be used solely for Flood Control purposes. All or part of said funds may be used in connection with the plans and programs of the Federal Soil Conservation Service and the State Soil Conservation Districts and the State Extension Service, Conservation and Reclamation Districts, Drainage Districts, Water Control and Improvement Districts, Navigation Districts, Flood Control Districts, Levee Improvement Districts and Municipal Corporations, and such funds may be expended by the Commissioners Court in accordance with this Act for flood control purposes, including all soil conservation practices such as contouring, terracing, tank building, and all other practices actually controlling and conserving moisture and water, within any said county and political subdivision thereof for Flood Control and Soil Conservation programs, provided that such plans for improvement

are approved by such county and political sub-
division."

Section 1-a of Article VIII of the Texas Constitution
and Section 2 of Article 7048a, clearly provide, in identical words,
that the tax authorized by their provisions shall be ". . . in
addition to all other ad valorem taxes authorized by the Constitu-
tion . . ." Taxes collected pursuant to the provisions of Section
7 of Article XI of the Texas Constitution and Article 6830 through
Article 6839g, which statutes were enacted pursuant to Section 7
of Article XI, are clearly ". . . other ad valorem taxes authorized
by the Constitution . . ."

Seawalls are constructed as an aid in keeping inland lands
from becoming inundated by sea water, during storms at sea. If such
inundation of water amounts to a flood, then it is clear that the
maintenance and improvement of sea walls are "for flood control"
as that term is used in Section 1-a of Article VIII of the Constitu-
tion and Section 2 of Article 7048a.

A flood is defined in Black's Law Dictionary (Fourth Edi-
tion) as "an inundation of water over land not usually covered by
it." 36 C.J.S. 1028, in defining the word flood, states: "a body
of water rising, swelling and overflowing land not usually covered
with water." Also see Long Motor Lines v. Home Fire & Marine Ins.
Co., 67 S.E.2d 512 (1951); Roberts v. Union Insurance Society of
Canton, 332 Pac. 600 (1958).

It is therefore our opinion that a county may use flood
control funds derived under the provisions of Section 1-a of Article
VIII of the Texas Constitution and Article 7048a, for the maintenance
of seawalls constructed pursuant to the provisions of Article XI,
Section 7 of the Constitution and Articles 6830 through 6839g, pro-
vided that the use of such funds complies with the provisions of
Article 7048a.

## S U M M A R Y

A county may use flood control funds derived
under the provisions of Section 1-a of Article
VIII of the Texas Constitution and Article 7048a,
Vernon's Civil Statutes, for the maintenance of
seawalls constructed pursuant to the provisions of
Section 7, Article XI of the Constitution and
Articles 6830 through 6839g, Vernon's Civil Statutes,
provided that the use of such funds complies with

the provisions of Article 7048a, Vernon's Civil Statutes.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lewis E. Berry, Jr.
Assistant Attorney General
LEBjr:ea

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
William J. Craig
Arthur Sandlin
J. C. Davis

STAFF LEGAL ASSISTANT
A. J. CARUBBI, JR.