## 20310

A. M. WHITE, Respondent, v. BLUE CROSS-BLUE SHIELD OF SOUTH CAROLINA et al., Appellants.

(229 S. E. (2d) 854)

*Messrs. Boyd, Knowlton, Tate & Finlay,* and *Daniel R. McLeod, Atty. Gen.,* of Columbia, *for Appellants,*

*Messrs. Stephen & Cummings,* of Spartanburg, *for Respondent,*

*Messrs. Boyd, Knowlton, Tate & Finlay,* and *Daniel R. McLeod, Atty. Gen., for Appellants, in Reply,*

November 11, 1976.

Rhodes, Justice:

The sole question involved in this appeal is whether the trial judge erred in granting summary judgment to plaintiff-respondent on the ground that an amendment to the Major Medical Benefits Contract between Blue Cross-Blue Shield and the State of South Carolina was ineffectual in that it was not executed by an appropriate official of the State of South Carolina. We reverse.

The basic or original Contract of insurance was entered into by the Budget and Control Board of the State of South Carolina in 1972. This original Contract was signed for the State of South Carolina by the then Governor, and immediately beneath his signature the following appears: "Authorized Signature, The Honorable John C. West, Governor of the State of South Carolina and Chairman of the South Carolina State Budget and Control Board." Article XI (2)(c) of the original Contract prescribes the method of amending or changing the Contract in the following language:

"No agent of Blue Cross has authority to change this Contract or to waive any of its provisions. No change in this Contract shall be valid unless approved by an individual authorized to sign the Contract on behalf of the State of South Carolina and an authorized executive officer of Blue Cross."

Plaintiff-respondent is an employee of the State of South Carolina and he and his dependents are covered by the insurance contract hereinabove described. On July 18, 1974, the plaintiff-respondent's son was admitted to Highlands Hospital, Asheville, North Carolina. The Insurance Company was committed to pay under its basic contract for the initial 30 days of treatment. This action by plaintiff concerns whether the Major Medical Benefits Contract (a Contract separate from the basic contract) should be so construed as to extend coverage for the period in excess of 30 days. At issue in this appeal is whether the original contract was validly amended so as to restrict its definition of "hospital".

In determining the validity of the amendment in question, it is necessary to consider the steps taken by the parties to effectuate it. On January 22, 1974, Dr. Jack S. Mullins, whose position is that of Director of Personnel for the State of South Carolina, directed a memorandum to the Budget and Control Board recommending that the following

provision be eliminated from its contract with Blue Cross-Blue Shield:

"For purposes of this Contract, Hospital shall also mean a Hospital with which any Blue Cross Plan, approved by the American Hospital Association, has an operating agreement."

On January 23, 1974, the Budget and Control Board met with all members in attendance including Governor West. The official minutes of that meeting reflect the following:

"Health Insurance Contract—upon the recommendation of Dr. Mullins, the Budget and Control Board approved a revision in the Blue Cross-Blue Shield insurance contract which would have the effect of eliminating certain payments made to specialized institutions located outside the State of South Carolina. A copy of the recommendation of Dr. Mullins has been retained in these files and is identified as Exhibit XII."

On January 28, 1974, Dr. Mullins prepared and forwarded to Blue Cross-Blue Shield a "Letter of Agreement" embracing the precise terms of the amendment approved by the Budget and Control Board. This letter was signed by "Jack S. Mullins, State Director of Personnel For: S. C. Budget and Control Board." The letter of transmittal from Mullins to Blue Cross stated that it was written with the authority of the S. C. Budget and Control Board. This letter of Agreement was signed by Joseph S. Sullivan, President, Blue Cross and Blue Shield of S. C., on February 6, 1974, and returned to Dr. Mullins.

The uncontradicted affidavit of Dr. Mullins states that among the duties of the State Personnel Division of which he is Director is included the performance of whatever duties the State had in connection with the Blue Cross-Blue Shield group insurance for state employees. The affidavit also states that prior to the signing of the Letter of Agreement, the Budget and Control Board gave him verbal authorization to sign such Letter.

The lower court concluded on the basis of the evidence hereinabove recited that a patent ambiguity existed as to Dr. Mullins' authority to sign the amendment on behalf of the State. The court's rationale for this result is based on an unwarranted construction of the policy. He reasons that while one interpretation of the policy is in accord with the contention of the defendants that Dr. Mullins was authorized to execute the amendment, another reasonable construction is that Dr. Mullins was not a proper signatory to the amendment in that the original policy was signed by Governor West as the authorized signatory and that the paragraph setting forth the method of amending the Contract provides that no change in the Contract will be valid unless "approved by an individual authorized to sign the Contract on behalf of the State of South Carolina . . . ." The trial judge deduces from this language that it is reasonably susceptible of the construction that only Governor West, or his successor in title, was authorized to sign an amendment to the policy. The Court invoked the principle of law that such ambiguities are resolved against the insurer and granted plaintiff's motion for summary judgment.

In *Long Motor Lines, Inc. v. Home Fire and Marine Insurance Company of California,* 220 S. C. 335, 67 S. E. (2d) 512 (1951), the Court affirmed the trial court's sustaining of a demurrer to a complaint whereby insured sought compensation for damages to his truck which became stuck on the beach and was covered by the incoming tide. The policy provided coverage in the case of "Flood (meaning rising streams or navigable waters)." The Court acknowledged the well-known rules of construction that insurance policies are construed liberally in favor of the insured when there is an ambiguity. But the Court reasoned:

"At first blush, this argument seems plausible (that flood is defined as rising waters and that rising waters damaged the truck), but upon more mature consideration, we think it clearly appears that the construction advanced by the appellant could not have been reasonably within the contem-

plation of the parties." 220 S. C. at 341, 67 S. E. (2d) at 515.

We disagree with the findings of the trial judge. It is clear to us from a consideration of the terms of the Contract and the circumstances surrounding the execution of the amendment that the only reasonable construction is that Dr. Mullins was a proper signatory for the State of South Carolina and the amendment executed by him was valid.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.