GULF REFINING COMPANY *vs.* THE RAY MOTOR COMPANY.

Penobscot County.   Decided November 21, 1930.   This case is before this court on exceptions by the plaintiff to the allowance of a motion for a nonsuit. An automobile of the plaintiff, driven by one of its employees, collided with a car driven by one Leo L. Whelden. Defendant's brief admits that the accident happened because of the negligence of Whelden.

It appears that Whelden, who was considering the purchase of an automobile, went to the defendant's place of business and was shown a secondhand Chandler car by one Chapman. There is a dispute as to Chapman's status with the defendant company, but we will assume that he was a duly qualified salesman and had authority to do what he did. He and Whelden took the car out and drove it a short distance, and the prospective purchaser said that it appeared to be all right, but that he would like to have his wife see it. He asked Chapman to drive it over and show it to his wife, but Chapman said that he was unable to do so and told Whelden to take the car over himself. Whelden drove off in the car, but instead of following out his laudable purpose of obtaining his wife's approval for his contemplated purchase, met a friend, had some drinks of "split" with him, and then in attempting to get home ran into the car of the plaintiff and ended his adventure in jail.

On just what theory the defendant can be held liable for Whelden's acts it is difficult to see. Counsel for the plaintiff contend that Whelden was either acting as agent for the defendant in selling the car to his wife, or that the defendant was liable in entrusting the car to Whelden who was an improper person to drive it.

As to the first contention, the evidence clearly shows that Whelden himself was expecting to make the purchase. To hold that he was acting as agent for the company in persuading his wife to buy the car, not only finds no support in the evidence but contemplates a relationship of the parties which even to the casual observer seems absurd. As to the second claim, it is sufficient to note that Whelden became intoxicated after he left Chapman, but not before. His plan to get his wife's approval was so highly commendable that Chapman surely had no reason to expect such a sudden change of heart as seems to have taken place. It is admitted that Whelden had no operator's license. If such a fact has any bearing, it is sufficient to say that there is no evidence that either Chapman or anyone else connected with the defendant knew of it. The motion for a nonsuit was properly granted. Exceptions overruled. *George E. Thompson, Clinton C. Stevens*, for plaintiff. *Gillin & Gillin*, for defendant.