Argued May 3, reversed with directions May 12, 1954

# MILWAUKEE MECHANICS INSURANCE CO. *v.* CHILDS

270 P. 2d 139

*W. E. Cameron,* of Portland, argued the cause and filed a brief for appellant.

*Harry A. English,* of Bend, argued the cause and filed a brief for respondent.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN, TOOZE and PERRY, Justices.

## TOOZE, J.

This is an action brought by plaintiff Milwaukee Mechanics Insurance Company against defendant Raoul C. Childs, to recover money paid by plaintiff for damages to the automobile of its insured, one Spencer N. Greatwood, resultant from a collision between the Greatwood car and one owned and operated by defendant. The case was tried to the court. Judgment was entered in favor of defendant, from which plaintiff appeals.

Spencer N. Greatwood was the owner of a 1951 Dodge automobile. He had a policy of insurance with the plaintiff corporation, which was in full force and effect at the time of the accident hereinafter described. By reason of said policy of insurance, and pursuant to the terms thereof, plaintiff paid the sum of $680.96 for repair of its insured's car, and the insured paid the further sum of $100 for such repairs. The repairs were

necessitated by a collision between the said Dodge automobile and a 1937 Pontiac automobile owned and operated by defendant. Before the commencement of the action, Greatwood assigned his claim for $100 to plaintiff, and plaintiff instituted this action in its own name under the doctrine of subrogation.

On May 3, 1952, Greatwood's automobile was being driven by one Kenneth R. Bunn on the River Loop road, about three miles north of Camp Sherman, Oregon. A collision occurred between the Greatwood car and the car owned and then being operated by defendant. The evidence established, and the trial court specifically found, that the drivers of both cars were guilty of negligence proximately causing the accident.

The sole question for decision is whether the negligence of the driver of the Greatwood automobile can be imputed to Greatwood, and thereby bar recovery from defendant for the damages sustained.

The finding of fact made by the trial court that is material to a solution of the problem now before us is the following:

"That on or about the third day of May, 1952, said Kenneth R. Bunn was driving the Spencer N. Greatwood car for the sole purpose of making a fishing trip and that Spencer N. Greatwood was not in the automobile at the time of the accident, but was at his home approximately two miles from the scene of the accident. That Greatwood had loaned the said automobile to Bunn for the above purpose."

The only basis for imputing Bunn's negligence to Greatwood would be that at the time of the accident Bunn was Greatwood's agent. If Bunn was Greatwood's agent in the operation of the automobile, then, of course, Bunn's negligence would be imputed to Greatwood as concerns third parties, thus barring a

recovery against defendant for damages to the Greatwood car, although it would not bar a recovery against Bunn. If Bunn was not Greatwood's agent, then Greatwood would have a good cause of action against both Bunn and defendant, or either of them.

■■ Defendant directs our attention to the holdings of this court to the effect that proof of ownership of an automobile is sufficient to establish a prima facie case of agency. From proof of ownership, an inference of agency arises, but that is a mere inference and may be overcome by proof to the contrary. If, in fact, the evidence discloses that the owner of the automobile gratuitously loaned or rented his car to another for the sole use and purpose of such other, then there is established between the owner and the other party the relationship of bailor and bailee, rather than that of principal and agent, and in such circumstances the negligence of the bailee cannot be imputed to the owner. *White v. Keller et ux.*, 188 Or 378, 215 P2d 986; *Summerville v. Gillespie*, 181 Or 144, 179 P2d 719; *Kantola v. Lovell Auto Co.*, 157 Or 534, 72 P2d 61; *Judson v. Bee Hive Auto Service Co.*, 136 Or 1, 294 P 588, 297 P 1050, 74 ALR 944.

■ The above finding of fact made by the trial court conclusively establishes that at the time of the accident in question Bunn was operating Greatwood's automobile for his own purposes in making a fishing trip; that this was the sole purpose for the car's operation. The court also found that the automobile had been loaned to Bunn for that exclusive purpose. Greatwood was not in the car at the time and had no control or direction whatever over its operation; nor was it being driven for any purpose or upon any business of his.

Under the trial court's finding, it is evident that the relationship existing between Greatwood and Bunn was

one of bailor and bailee, and not that of principal and agent. It was a bailment for the exclusive benefit of the bailee.

■ Defendant argues that the trial court did not make a specific finding that Bunn was not the agent of Greatwood, and, therefore, the inference of agency arising from proof of ownership was not found by the trial court as having been overcome. It was unnecessary for the trial court to make an express finding that Bunn was not the agent of Greatwood. That would simply have been a conclusion. The trial court did find the facts as they existed, and from the facts as so found, the true relationship existing between the parties is shown.

In *Kantola v. Lovell Automobile Co.*, supra, at page 540, we said:

"But where, as here, the uncontradicted evidence shows that the driver was not acting for or in the business of the owner and it was also shown that the owner was not present and had no control over the operation of the automobile the inference [from proof of ownership] was rebutted and at an end and, since there was no other ground of liability claimed against the defendant, it was the duty of the court, when requested by the defendant, to direct a verdict in its favor."

After finding the facts as above set forth, the trial court found and entered as a part of its conclusions of law, the following:

"That the sole use of said Spencer N. Greatwood's automobile by Kenneth R. Bunn was so that Kenneth R. Bunn could go on a fishing trip and then return said automobile to its owner, Spencer N. Greatwood, *and that even though the defendant was guilty of negligence which was a proximate cause of the damages to Spencer N. Greatwood's car, that*

*the contributory negligence of the driver, Kenneth R. Bunn of Spencer N. Greatwood's car prohibits the owner of said car, Spencer N. Greatwood, from making a recovery."* (Italics ours.)

The trial court erred in this conclusion of law.

The trial court also found that the Greatwood car was damaged in the sum of $780.96, and "that said damages were a reasonable value for the depreciation of said Spencer N. Greatwood car caused directly by the accident of May 3, 1952, between the Spencer N. Greatwood automobile and defendant's car."

The judgment is reversed and this cause remanded with directions to enter judgment in favor of plaintiff and against the defendant in the sum of $780.96, together with plaintiff's costs and disbursements in the trial court.