Argued January 3, affirmed April 13, 1966

# CRIST ET AL *v.* THE POTOMAC INSUR-ANCE COMPANY

413 P. 2d 407

*C. Robert Altman,* Albany, argued the cause for appellants. On the brief were Goode, Goode & Altman.

*Kenneth E. Roberts,* Portland, argued the cause for respondent. With him on the brief were Mautz, Souther, Spaulding, Kinsey & Williamson, and Ridgway K. Foley, Jr.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

### LUSK, J.

Plaintiffs, John A. Crist and Gregory M. Cutsforth, a partnership engaged in the logging business, were the named insured in a policy of liability insurance issued by defendant, The Potomac Insurance Company of the District of Columbia, in which Potomac agreed to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay * * * because of injury to or destruction of property, including the loss of use thereof, caused by accident." This case had its inception in a claim against the plaintiffs, asserted by Edgar N. Roberts, the owner of a Lorane mobile shovel loader, for damages for injury to such loader alleged to have been caused by the negligence of the plaintiffs. When plaintiffs called upon Potomac to pay the loss the latter disclaimed liability. Roberts and his insurer, Aetna Casualty and Surety Company, brought an action against plaintiffs to recover their damages. Plaintiffs tendered the defense to Potomac and Potomac refused to defend. Without going to trial plaintiffs settled with Roberts and Aetna by the payment of $2,500. Plaintiffs then brought this action against Potomac to recover the amount of the settlement and the sum of $2,000 expended by them in defending against the claim. In a trial to the court without a jury the court entered findings of fact and conclusions of law and a judgment in favor of the defendant. Plaintiffs appeal.

The questions are whether Potomac was justified in refusing to defend, and, if so, whether Potomac is, nevertheless, liable to reimburse plaintiffs in the amount of the settlement.

Potomac's disclaimer of liability rests upon a clause of the policy which excludes from the coverage injury

to or destruction of property "controlled by the named insured, property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control."

■ This court adheres to the rule that the obligation of the insurer to defend is to be determined by the allegations of the complaint filed against the insured: *Isenhart v. General Casualty Co.*, 233 Or 49, 54, 377 P2d 26, and cases there cited. See, also, *Jarvis et ux v. Indemnity Ins. Co.*, 227 Or 508, 517, 363 P2d 740. We, therefore, set out the pertinent parts of the complaint filed by Roberts and Aetna against the plaintiffs.

"I

"That at all times set forth herein, plaintiff Edgar N. Roberts was doing business under the name and style of Robert Logging Co., with his principal office in Oakridge, Lane County, Oregon. That at all times herein set forth the defendants, Al Crist and Gregg Cutsforth were doing business under the name and style of C & C Logging Co., with their principal office in Jasper, Lane County, Oregon. That at all times mentioned herein, defendant Jack M. Case, was an employee and agent of the defendants, and acting within the scope of his employment. That at all times set forth herein, plaintiff Aetna Surety and Casualty Co. was and is the duly organized corporation authorized and entered to do a general casualty and surety insurance business in the State of Oregon.

"II

"That at all times mentioned herein, plaintiff Edgar N. Roberts, was the owner and in possession of a model MC6X6 double cab mobile Lorane shovel loader.

"III

"That a short time prior to February 6, 1958, the defendants, Al Crist and Gregg Cutsforth, do-

ing business as C & C Logging Co., entered into an agreement with Edgar N. Roberts whereby the plaintiff was to load and deck logs yarded by defendants on their logging operation in Lane County, Oregon, in the vicinity of Oakridge, on a per thousand basis by means of a Lorane mobile shovel loader, with an operator employed and paid by plaintiff. That the said operator provided by plaintiff was his employee and was to have the sole control, use, possession and operation of the said Lorane mobile loader, hereinafter referred to as the loader. That the said mobile loader was a double cab mobile loader with a cab for operating the loading apparatus and a cab for moving the said loader known and referred to hereafter as the truck cab.

"IV

"On or about the 6th day of February, 1958, at the daylight hour of about 2:30 p.m., in the absence of the operator provided by the plaintiff, Edgar N. Roberts, defendant Jack M. Case without any authorization, consent, or authority from plaintiff Edgar N. Roberts, or his operator, and in the absence of said operator, and without any notice through the said operator, did get into the loader cab of said mobile loader and commenced to operate the said loader in an attempt to deck logs on the defendants' logging operation.

"That said Jack M. Case did then and there carelessly, negligently and recklessly operate said loader in such a manner as to cause the said loader to topple over on its side on the ground damaging and wrecking said equipment in the particulars hereinafter set forth."

The theory of this complaint is that Crist and Cutsforth, acting by their agent Case, negligently operated the loader, causing the injury and damage alleged. The complaint alleges that Case "did get into the loader cab of said mobile loader and commenced to

operate the said loader," etc., and it is the contention of the defendant that on its face the complaint discloses that the loader was at the time the accident occurred "controlled by the name insured," was in their "care, custody * * * [and] control," and was property as to which the insured were "exercising physical control" for a purpose connected with the work in which the insured were engaged.

Plaintiffs argue that the allegation that Case was "acting within the scope of his employment" is a mere conclusion of law and, therefore, we have, "potentially, a case under the complaint within the coverage of the policy": *Blohm et al v. Glens Falls Ins. Co.,* 231 Or 410 at 415-416, 373 P2d 412. The only authority cited by the plaintiffs for the contention that such an averment is a mere conclusion of law is 71 CJS 70, Pleading § 27b, where it is stated:

> "While it has been held that a general averment that an employee or agent was acting within the scope or apparent scope of his employment or agency is a conclusion of law, * * * it has also been held that the terms 'scope of employment' and 'course of employment' are allegations of facts or conclusions of facts."

Cases holding both ways are cited in the notes to the text. We agree with those courts which hold that the averment is a statement of ultimate fact: *Kornec v. Mike Horse Mining Co.,* 120 Mont 1, 180 P2d 252; *Kuhl v. United States H. & A. Ins. Co.,* 112 Minn 197, 127 NW 628; *Gilbert v. Progressive Life Ins. Co.,* 79 Ga App 219, 53 SE2d 494; *Southern Grocery Stores, Inc. v. Herring,* 63 Ga App 267, 11 SE2d 57. As stated in *Kuhl v. United States H. & A. Ins. Co.,* supra, 112 Minn at 198:

> "The terms 'scope of employment' and 'course

> of employment' are now generally regarded as con-
> clusions of fact, like 'negligence.' Under current
> liberal rules of pleading, the complaint contained
> an allegation sufficient on this point to justify the
> admission of evidence."

That case was decided in 1910. The rules of pleading today are, to say the least, quite as liberal as they were 56 years ago. In *Jarvis et ux v. Indemnity Ins. Co.*, supra, 227 Or at 513, this court was concerned with an allegation in a complaint, in a case similar to this, that "the plaintiffs, for a valuable consideration, hired the defendants as a commercial carrier to tow" a trailer, etc. Contrary to the position, taken in a dissent, that this allegation was to be regarded "as the statement of a legal proposition rather than a statement of fact" (227 Or at 551) we gave effect to the allegation as a statement of ultimate fact. The allegation that plaintiffs' employee, Case, was "acting within the scope of his employment" is no less a statement of ultimate fact.

■ The provision of the policy excluding from its coverage injury to property in the care, custody or control of the insured is a common one and has been frequently construed by the courts. As stated in 12 Couch on Insurance (2d ed) § 44:426:

> "The great majority of the cases support the
> view that the exception clause relating to property
> in the care, custody, or control of the insured refers
> to possessory handling of the property as distin-
> guished from proprietary control. Stated differ-
> ently, the concept of 'control' in an exclusion of
> liability as to property in the 'care, custody, or
> control' of the insured refers only to the physical
> fact of possession and does not contemplate pro-
> prietary control or ownership."

See, also, Annotation, 62 ALR2d 1242 at 1245. Illustrative cases, in point on their facts, with one possible exception to be presently noticed, and holding that the provision regarding care, custody and control of the insured, was applicable and barred recovery by the insured are: *International Derrick & Equipment Co. v. Buxbaum,* 240 F2d 536 (3d Cir), 62 ALR2d 1237; *Hardware Mutual Casualty Co. v. Mason-Moore-Tracy, Inc.,* 194 F2d 173 (2d Cir); *S. Birch etc. Co. v. United Pacific Ins. Co.,* 52 Wash 2d 350, 324 P2d 1073; *Madden v. Vitamilk Dairy, Inc.,* 59 Wash 2d 237, 367 P2d 127. See, also, *Clark Motor Co. v. United Pac. Ins. Co.,* 172 Or 145, 139 P2d 570, in which, however, the exclusionary provision was against liability for injury to property "in charge of" the insured.

Although the point has not been made in argument, we call attention to the allegations of the complaint in the action brought by Roberts showing that plaintiffs were trespassers upon the loader when the accident occurred. In *Great American Indemnity Company of New York v. Saltzman,* 213 F2d 743 (8th Cir), cert den 348 US 862, 75 S Ct 85, 99 L Ed 679, it appeared that the insured was a trespasser upon an airplane which he negligently caused to be damaged. The court held that, because he was a trespasser, the airplane was not in his care, custody or control, since, as the court reasoned, these words, "as they are used in the exclusionary provisions of the policy connote a lawful, normal and customary situation." 213 F2d at 747.

Similarly, it has been held that the words "in charge of" require something more than mere physical possession and connote a placing of responsibility in one person by the act of another, and, therefore, that the exclusionary clause does not apply where the insured was in possession of the property damaged without the

knowledge or consent of its owner: *Klock v. Allstate Insurance Company*, 230 NYS2d 555, 34 Miscl 2d 990. In *Edwards v. Travelers Indemnity Company*, 201 Tenn 435, 300 SW2d 615, however, it was held that, while the phrase "in charge of" implies that the possession or use is with the consent of the owner, the phrase "used by" does not.

The exclusionary clause here contains a provision not found in any of the cited cases, namely, "property as to which the insured for any purpose is exercising physical control." Identical language was construed by the court in *P & M Stone Co. v. Hartford Acc. & Indem. Co.*, 251 Iowa 243, 100 NW2d 28. The insured in that case damaged a bulldozer which he was attempting to operate without the consent of the owner, just as, according to the allegations of the complaint in the Roberts action, plaintiffs' employee, Case, was attempting to operate the loader without the consent of Roberts. The *Saltzman* case was considered by the Iowa Court and it was held that, whether or not the construction of the phrase "care, custody, or control" as not applicable to a trespasser, was correct, the provision respecting property "as to which the insured for any purpose is exercising physical control" was applicable and the loss, therefore, was not covered. The court said:

> "The operation or attempted operation of a bulldozer is a physical act or acts and one who takes bodily possession of such machine and operates or attempts to operate it is exercising physical control over it.
>
> "The provision of the exclusion clause that such physical control may be exercised 'for any purpose' expressly negatives any limitation in such exercise, and neither this nor any other language in this part of the exclusion clause connotes that the exercise

of such physical control must be based upon the legal right to so act or that it is otherwise limited." 251 Iowa at 249.

Cf. *Michael Pompeii v. Phoenix Assurance Co. of New York,* 7 App Div 2d 806; *Sanco Co. v. Employers &c. Ins. Co.,* 102 NH 253, 154 A2d 454.

■■ We agree with the Iowa Court that under the provision excluding from coverage injury to property "as to which the insured for any purpose is exercising physical control," it is of no consequence that the insured acted without the consent of the owner of the property. Hence, we hold that the complaint in the Roberts case failed to state a claim against the present plaintiffs covered by the policy, and the defendant insurance company was, therefore, under no obligation to defend the action. We express no opinion whether the "care, custody, or control" provision applies where the insured takes possession of property without the consent of its owner.

■ Plaintiffs alleged in their reply and insist in their brief that Potomac waived its right to rely upon the allegations of the complaint in the Roberts action as a defense because Potomac failed to set up those allegations in its answer. Plaintiffs cite in support of this contention *Ward v. Queen City Ins. Co.,* 69 Or 347, 138 P 1067, which holds that, if an insurance company, having knowledge of all the relevant facts, disclaims liability upon a specified ground, it will not be permitted afterwards, when sued, to depend upon other grounds if the insured has acted in reliance upon the position theretofore taken by the company. It is not claimed, and it could not be under the evidence, that Potomac failed in disclaiming liability to specify all the exclusionary grounds heretofore discussed (as well

as others we have considered it unnecessary to mention); and it appears, moreover, that, in a letter to the attorneys for plaintiffs declining the tender of defense of the Roberts action, Potomac stated that the allegations of the complaint "are clearly predicated on the theory that the insured had, through its agent, physical control of the damaged property and that the insured was using it at the time of the accident, therefore, we can rely on the 'physical control' and 'use' portions of the exclusion." It is thus clear that the doctrine of *Ward v. Queen City Ins. Co.* has no bearing on this case.

■ If, as appears to be the case, plaintiffs are also contending, merely as a question of conformity of the proof to the pleadings, that Potomac could not make the Roberts complaint the basis of its refusal to defend, because the complaint was not pleaded in its answer, that question is not before us, since it was not raised on the trial. The record shows that plaintiffs themselves set up the Roberts complaint as a part of their reply and introduced a copy of the complaint into evidence. It would seem to us that where, as here, the defendant in its amended answer alleged fully and specifically the exclusionary provisions of the policy on which it relied and their applicability to the facts of the case, nothing more would be needed to permit reliance by the defendant on the allegations of the complaint in the previous action in support of its right to refuse to defend. Whether this be correct or not, it would certainly have been the duty of the plaintiffs to raise the question by proper objection on the trial rather than wait until the case reached this court.

■ The final contention of the plaintiffs on this branch of the controversy is that plaintiffs' employee, Case, was not an insured under the policy and, there-

fore, the exclusionary provisions were not applicable to anything that he may have done. We agree that Case was not an insured, but we think this is an irrelevant consideration in view of the allegations in the Roberts complaint that, in operating the loader, Case was plaintiffs' agent and acting in the scope of his employment. Thus, the act of Case was that of the plaintiffs and brought them within the "physical control" exclusionary provision of the policy.

On the second question, whether Potomac was under a duty to indemnify plaintiffs in the amount paid by them in settlement of the Roberts action, the court found:

"\* \* \* \* \*

"That Case, the employee of Crist and Cutsforth at the time he was operating the shovel loader was attempting to perform a duty outside the scope of his employment and such conduct on his part would not bind his employer, Crist and Cutsforth."

The court further made a conclusion of law that plaintiffs "had no legal obligation or liability" to pay Roberts and Aetna.

■ Both Crist and Case testified that Case had no authority to operate the loader and there is no evidence, direct or circumstantial, to the contrary. Under the terms of the policy Potomac agreed to pay "on behalf of the insured, all the sums which the insured shall become legally obligated to pay" because of injury to property caused by accident. The plaintiffs were not legally obligated to pay anything to Roberts and Aetna because of Case's unauthorized conduct. The payment, therefore, made by the plaintiffs in settlement of the Roberts action was purely voluntary and the amount thereof was not recoverable from

Potomac: *Macdonald v. United Pacific Ins. Co.*, 210 Or 395, 399, 311 P2d 425; 29A Am Jur 569, Insurance § 1458. As observed in the *Macdonald* case, it might be that a case would arise in which there was no duty to defend, but the ultimate proof showed a duty to pay. This is a case in which the insurance company was justified in refusing to defend because the complaint in the action against the plaintiffs showed there was no coverage, and in which there was no duty to pay because, as the ultimate proof disclosed, the plaintiffs had incurred no legal liability to the owner of the damaged property.

The judgment is affirmed.