Argued and submitted December 11, 1986, reversed and remanded with instructions
February 11, 1987

## PROGRESSIVE CASUALTY COMPANY,
*Appellant,*

*v.*

## McMANUS et al,
*Respondents.*

(8306-03519; CA A38591)

732 P2d 932

J. P. Harris, II, Salem, argued the cause and filed the briefs for appellant.

Gary L. Vigna, Portland, argued the cause for respondent

Lynnette Gifford. With him on the brief was Howe & Harris, Portland.

No appearance for respondent Bernard McManus.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

The insurer, Progressive Casualty Co. (Progressive), brought this declaratory judgment action to determine whether a policy issued to its insured, McManus, covers injuries arising from a fire in a motorhome. The trial court granted summary judgment for the insured. We conclude that the fire and resulting injuries are not covered under the policy and remand for entry of a judgment for Progressive.

On August 22, 1982, McManus was a passenger in Moreland's motorhome. It was being driven by Moreland when it developed engine trouble. In order to move the vehicle, the insured, at Moreland's request, poured gasoline directly into the carburetor from the interior of the motorhome. Moreland steered the vehicle, controlled the brakes and turned the ignition key. The engine backfired, causing the container of gasoline held by McManus to catch fire. The burning container injured several passengers, including defendant Gifford, who subsequently filed negligence actions against McManus. Progressive denied coverage and filed this action.

Progressive and defendant Gifford filed cross-motions for summary judgment. Both requested a declaration whether, under the facts, coverage is provided for McManus. The policy provides:

> "*We* will pay, on behalf of an insured person, damages, other than punitive damages, for which any insured person is legally liable because of *bodily injury* and *property damage* caused by accident and arising out of the ownership, maintenance or use of your *insured car* or *utility trailer. We* will defend any suit or settle any claim for these damages, as *we* think appropriate. *We* will not, however, be responsible to pay any amount over the limit of liability as defined in this part." (Emphasis in original.)

The policy defines "insured person" to include McManus "while driving any private passenger car other than [his] *insured car.*" (Emphasis in original.)

■ Under the facts, the policy provides coverage only in two instances: (1) when the insured is maintaining or using his

insured car;[1] and (2), under the definition of "insured person," when the insured is driving any private passenger car other than his insured car. It is uncontested that Moreland's motorhome is *not* an "insured car" under the policy definitions.[2] Therefore, before coverage can be found under the policy, McManus, as the insured person, must have been *driving* a private passenger automobile other than his insured car.[3] The policy does not define "driving" other than to provide that it includes "getting into or getting out of" the car. In *State Farm Mutual Auto Ins. Co. v. White,* 60 Or App 666, 671-72, 655 P2d 599 (1982), *rev den* 294 Or 569 (1983), we held that driving is a question of physical control and that an automobile can have

---

[1] Gifford contends that the policy also covers the insured's use or maintenance of a private passenger car, other than the insured's car. She relies on the following deposition testimony of Chokel, Progressive's vice president of marketing:

"Q. Okay. Does the policy issued to Mr. McManus by Progressive provide coverage for bodily injury arising out of the use or maintenance of a nonowned private passenger car?

"A. Sometimes, yes. Not always. If, for example, he had no permission to use the car, it would not.

"Q. Okay. With permission, it would provide coverage.

"A. Most often."

We conclude, as a matter of law, that the policy unambiguously limits "use or maintenance" coverage to use or maintenance of the insured's car. Because unambiguous language does not require construction, *Ochs v. Avenco Insurance Co.,* 54 Or App 768, 771, 636 P2d 421 (1981), *rev den* 292 Or 450 (1982), Chokel's testimony does not create a genuine issue of fact.

[2] Under the policy definitions, "insured car" means:

"a. Any car described in the Declarations and any *private passenger car* or *utility car* you replace it with. If you want coverage to apply to the replacement *you* must notify *us* within 30 days of its acquisition.

"b. Any additional *private passenger car* or *utility car* of which *you* acquire ownership during the policy period provided *we* insure all *private passenger cars* or *utility cars* you own. *You* must, however, notify *us* within 30 days of its acquisition. Car Damage Coverage does not apply until you have notified us and paid the premium.

"c. Any *utility trailer you* own. Car Damage Coverage does not apply unless applicable premium has been paid.

"d. Any car or utility trailer not owned by *you* while being driven temporarily as a substitute for any other vehicle described in this definition, because of its withdrawal from normal use due to breakdown, repair, servicing, loss or destruction. Car Damage Coverage and Medical Payment Coverage do not apply to these temporary substitute autos."

[3] Because we conclude that McManus was not "driving," we need not address his argument that the motorhome is not a "private passenger car" within the meaning of the policy.

only one driver.

■ ■   It is undisputed that McManus was not behind the steering wheel of the motorhome nor in control of the brake pedal or ignition. All the significant functions of the motorhome were controlled by Moreland except for the acceleration, which was controlled by McManus.[4] Even though McManus may have been able to control the acceleration of the motorhome by providing more or less gasoline, Moreland had the ability to guide the course of the vehicle and to slow its speed by applying the brakes. We conclude, as a matter of law, that McManus was not "driving" the motorhome. The policy provided no coverage for the injuries arising from the fire in the vehicle.[5] The insurer, therefore, was entitled to the declaration it sought.[6] Accordingly, we reverse and remand with instructions to enter judgment for plaintiff. *See Cochran v. Connell,* 53 Or App 933, 939, 632 P2d 1385, *rev den* 292 Or 109 (1981), and *Wilson v. Western Alliance Corp.,* 78 Or App 197, 199 n 1, 715 P2d 1344, *rev den* 301 Or 446 (1986).

Reversed and remanded with instructions to enter judgment for plaintiff.

---

[4] In support of Gifford's motion for summary judgment, she submitted the affidavit of Moreland, which stated that McManus controlled the acceleration of the vehicle by pouring the gasoline directly into the carburetor. Because the insurer offered no conflicting evidence concerning that fact, we accept it as true.

[5] Defendant Gifford contends that the policy provides coverage when the insured is maintaining or using a private passenger car, due to the following exclusion:

"Liability coverage does not apply to:

"* * * * *

"9. *Bodily injury* or *property damage* arising out of the ownership, maintenance or use of any motorized vehicle with less than four wheels."

She argues that the implication of this exclusion is that all motorized vehicles with four wheels or more are covered by the policy. Coverage must be found in the liability sections of the policy, not in its exclusions. We do not consider any one provision in isolation from all other provisions of the policy. *See Denton v. International Health & Life,* 270 Or 444, 449-50, 528 P2d 546 (1974).

[6] In view of this disposition, we need not address plaintiff's other arguments.