## GARVISON et al,
*Respondents,*

*v.*

## ST. PAUL FIRE AND MARINE INSURANCE COMPANY,
*Appellant.*

## (87-7-327; CA A48048)

771 P2d 310

Paul Silver, Portland, argued the cause and filed the briefs for appellant.

Thomas A. Davis, Portland, argued the cause for respondents. With him on the brief was Smith & Davis, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Plaintiffs brought this action against defendant, their "farm liability" insurer, seeking a declaratory judgment that it must defend and indemnify them for any damages that Eugene Wolf might recover in an underlying action against them. The court entered a judgment for plaintiffs and defendant appeals. We affirm in part and reverse in part.

Plaintiffs are in the business of boarding, training, showing and breeding horses. They agreed with Wolf to care for and "to assume all board [and] training expenses, veterinary, shoeing, entry fees and show expenses" for a horse that he owned. The horse was injured, and Wolf brought an action for breach of contract and negligence. He alleged that the injury occurred while the horse was "under the care" of plaintiffs. Defendant refused plaintiffs' tender of the defense in that action.

Defendant's policy insured plaintiffs for, among other things, personal liability arising out of "any damage to tangible property of others." The policy further states:

"We'll pay amounts you're legally required to pay for Personal Liability * * * as a result of farming operations you perform for others for a fee under any contract or agreement."

Defendant is required to "defend any suit brought against [the insureds] for covered claims." The policy excludes coverage, among other things, for "losses which result from business pursuits," but provides that "this exclusion won't apply to farming operations." The policy also contains this exclusion:

"We won't cover damage to property you or any other protected person own, rent, occupy, use or physically control [sic]."[1]

Defendant based its defense in this action on that

---

[1] The written agreement between plaintiffs and Wolf recites that Wolf "agrees to lease" the horses to plaintiffs in return for their services. Defendant does not base any argument here on the theory that that nominal relationship made the horse rented property for purposes of the exclusion. The parties agree, apparently, that plaintiffs' services are "farming operations" within the policy's meaning. They also appear to agree that the precise way in which the horse was injured is unknown, or cannot be ascertained from Wolf's complaint. Whether there is a duty to defend is, of course, to be determined in the light of the allegations in that complaint. *See Albertson's Inc. v. Great Southwest Fire Ins. Co.,* 83 Or App 527, 732 P2d 916, *rev den* 303 Or 332 (1987).

exclusion. It argues that the horse was under plaintiffs' "physical control" when it was injured. Defendant asserts that "physical control" is an unambiguous term and that it is essentially synonymous with "possession." The trial court, however, concluded that the term was ambiguous in the "context of the case"; found that "plaintiff contracted for a policy to protect his business from actions for damages" by persons who engaged plaintiffs to provide services for their horses; and concluded that "physical control" means something more narrow, such as riding or other actual contact or use, than the passive status alleged by Wolf that the horse was "under [plaintiffs'] care." The court also suggested that, to accomplish the broader meaning that defendant read into the exclusion, it would have to use other language, such as an exclusion of all damage to property under the insured's "care, custody or control."

■      In its first assignment, defendant contends that the court erred by rejecting its understanding of "physical control." Defendant relies on *Ferguson v. Birmingham Fire Ins.*, 254 Or 496, 460 P2d 342 (1969), where the court indicated that "physical control" exclusions in general liability policies normally apply to business risks. The issue was whether damage to a neighbor's trees, which was caused by the insured's timber trespass, came within the exclusion in a general liability policy for damages to property under the insured's care, custody or control and property over which the insured exercised physical control. The court rejected the insurer's argument that the trespass brought the trees under the insured's physical control. It also noted that the meaning of that exclusion

> "is not to be found in an abstract analysis of the word 'control.' We must turn to the reasons for the adoption of the exclusion clause and determine whether in light of those reasons the policy was intended to exclude coverage in the circumstances of the particular case." 254 Or at 504.

The court concluded that, in the circumstances of that case, the exclusion did not defeat coverage for damage that the insured's timber trespass caused when the insured unwittingly exercised control over the neighbor's property while engaged in a non-business activity.

There are two significant differences between this case and *Ferguson*, both of which defeat defendant's reliance

on that decision. The policy here covers the *business* described as "farming operations." Therefore, the objective described in *Ferguson* of excluding business risks from a *general* liability policy is not germane to the meaning of the physical control exclusion in the circumstances of this case. Indeed, as plaintiffs argue, defendant's assertion that the exclusion applies to all injuries to horses that are under plaintiffs' care in connection with the performance of their business would nullify the coverage provisions of the policy and the purpose for which it was issued and obtained.

The second distinction is that the exclusion here only refers to property under the insured's "physical control." As explained in *Ferguson,* "control" and "physical control" exclusions are widespread in the industry and have distinct purposes. 254 Or at 502-505. It must be assumed that defendant meant to exclude exactly what it said it did—damage to property under the "physical control" of the insureds, and not property which is merely under their "care, custody or control." In that context, "physical control" must mean a different and more direct kind of control than would the word "control" standing alone. It follows, as the trial court concluded, that the horse could be under plaintiffs' care without being under their physical control for purposes of the exclusion and for purposes of Wolf's action. We reject defendant's first assignment.[2]

■  The second assignment is that the court erred by resorting to extrinsic evidence and in finding that plaintiffs intended to procure insurance to protect them against claims such as Wolf's. Defendant's theory, again, is that the exclusion unambiguously applies to these facts. We again disagree.

---

[2] We hold only that the exclusion does not apply to the injury to the horse, as Wolf alleges it in the underlying action. In addition to so holding, the trial court also commented on what circumstances *would* come within the exclusion and on whether certain alternative exclusionary language would succeed in removing the alleged conduct from defendant's coverage. It is unnecessary for us to address or decide those other matters in this appeal.

Defendant relies on *Crist v. Potomac Insurance Co.,* 243 Or 254, 413 P2d 407 (1966), in support of its first assignment. Like its reliance on *Ferguson v. Birmingham Fire Ins., supra,* its reliance on *Crist* is misplaced, and the case appears to us to be almost completely inapposite. Defendant also advises that it has other available coverages, which plaintiffs did not purchase and which clearly would have been applicable to the injury to the horse. That has nothing to do with this policy or this case.

■ In its third assignment, defendant challenges the portion of the judgment requiring it to "pay any judgment rendered" against plaintiffs in Wolf's action. Defendant points out that Wolf's complaint includes "matters totally outside the coverage of the insurance policy."[3] Defendant contends that the ruling on the extent of its indemnity obligation is premature and must await a judgment in the underlying action. We agree with defendant's argument in that respect. The judgment should be modified to reflect that defendant's indemnity obligation is restricted to its coverage.

Reversed in part and remanded with instructions to modify the judgment in accordance with this opinion; otherwise affirmed.

---

[3] Wolf made some allegations that are wholly unrelated to the injury to the horse, for example, that plaintiffs failed to deliver the ribbons and trophies that the horse won while it was under plaintiffs' care.