Argued and submitted January 18, affirmed August 28, reconsideration denied December 4, petition for review allowed December 17, 1991 (312 Or 527)

## Matthew GAGE,
*Appellant,*

*v.*

## ALL NATIONS INSURANCE COMPANY,
*Respondent.*

(87C-641804; CA A62062)

816 P2d 682

Gordon T. Carey, Jr., Portland, argued the cause and filed the briefs for appellant.

John Paul Graff, Portland, argued the cause for respondent. With him on the brief were James G. Breathouwer, Breathouwer, Gilman & Mortland and Graff & O'Neil, Portland.

Before Richardson, Presiding Judge, and Rossman* and Deits, Judges.

DEITS, J.

---

* Rossman, J., *vice* Newman, J.

**DEITS, J.**

Plaintiff brought this action against defendant All Nations, seeking to require All Nations to pay a judgment that plaintiff obtained against Weitz, All Nations' insured. Plaintiff assigns error to the trial court's denial of his motion for summary judgment and to its granting of summary judgment in defendant's favor. We affirm.

In August, 1985, plaintiff took his pickup to Professional Auto Trim to be detailed. He authorized the employees of the business to drive the pickup and to let others do so. An employee of the company decided to use the pickup for return transportation after delivering another vehicle to its owner. He asked Weitz, who boarded horses on the business' property, to follow him in plaintiff's pickup. Weitz's own pickup was being used to feed her horses, which were eating hay out of its bed. During the trip, Weitz rear-ended the vehicle that she was following. All Nations paid for the damage to the vehicle that Weitz ran into, but refused to pay for the damage to plaintiff's pickup, contending that it was not covered under Weitz's policy. Plaintiff sued Weitz and obtained judgment against her. When All Nations refused to pay the judgment, plaintiff brought this action.

All Nations moved for summary judgment, asserting that the policy unambiguously excluded coverage for the loss. While the motion was pending, the case was transferred to mandatory arbitration. The arbitrator heard argument on the summary judgment motion. He concluded that the policy language was ambiguous and denied the motion. Following an arbitration hearing, judgment was awarded in plaintiff's favor. Pursuant to ORS 36.425,[1] All Nations then requested a trial *de novo*. The parties filed cross-motions for summary judgment in the trial court. The court granted All Nations' motion, and plaintiff appeals.

Plaintiff first argues that the trial court erred by granting the summary judgment, because the arbitrator's denial of the motion on the basis that the policy language was ambiguous is "the law of the case" and binds the trial court.

---

[1] ORS 36.425, which at that time was numbered as 33.400, provides in part:

"[A]fter the filing of the written notice a trial *de novo* of the action shall be held."

The effect of a request for a trial *de novo,* under ORS 36.425 and UTCR 13.250,[2] is explained in UTCR 13.040(3):

> "Once a case is referred to arbitration, all motions against the pleadings, all motions for discovery, and all similar pretrial motions not then resolved will be filed with the arbitrator only and determined by the arbitrator. *The arbitrator's determination, however, will apply only during the arbitration proceeding. If a request for trial de novo is filed, such matters may be raised again.* If the arbitrator's decision on a pretrial motion will prejudice a party on trial *de novo,* that party may file an appropriate motion with the presiding judge." (Emphasis supplied.)

Plaintiff argues that the last sentence of that rule required defendant to file a motion with the presiding judge at the time that the arbitrator denied the first motion for summary judgment or be precluded from raising the issue later. That interpretation of the rule is contrary to its plain language. The last sentence is permissive and applies to those situations in which, despite the fact that issues may be raised again on trial *de novo,* a party would be prejudiced at the later trial by an arbitrator's decision. It was not error for the trial court to decide defendant's motion anew.

Plaintiff next contends that it was error for the trial court to grant, on its merits, defendant's motion for summary judgment and to deny his own motion for summary judgment. In reviewing the summary judgment, we view the record in the light most favorable to plaintiff to decide whether there are any disputed issues of material fact and, if not, whether defendant was entitled to judgment as a matter of law. *Soursby v. Hawkins,* 307 Or 79, 81, 763 P2d 725 (1988).

---

[2] UTCR 13.250 states, in part:

"(1) A party who qualifies under ORS 33.400(2) [36.425] may obtain a trial *de novo* on the case determined by completing the service, filing, payment of trial or jury fee and deposit as required under ORS 33.400(2) [36.425].

"(2) In addition to the provisions under ORS 33.400 [36.425] relating to a trial *de novo,* the following provisions apply:

"* * * * *

"(d) Cross appeal is not necessary to preserve issues raised in a counterclaim, because the trial *de novo* encompasses all claims raised by any party in the particular case appealed."

Plaintiff argues that the policy language unambiguously provides coverage here and that he is entitled to judgment as a matter of law. Alternatively, he contends that the language of the policy is at least ambiguous and that, therefore, the construction of the contract is an issue of fact for the jury, and so All Nations' motion for summary judgment should not have been granted. Plaintiff first relies on language in the definitions section of the policy that describes "Cars We Insure." That provision pleads:

"We insure any car described on the declarations page * * *.

"* * * * *

"We insure a substitute car when any car described on the declarations page, or any replacement or addition, can't be used because it's being serviced or repaired, or it has been stolen or destroyed. * * *

"We insure other cars you use with the permission of the owner or of a person in lawful possession of the car, if that person has the right to give such permission, and provided the use is within the scope of the permission given." (Emphasis omitted.)

All Nations acknowledges that, read by itself, the language of the policy does indicate that the damage to plaintiff's vehicle would be covered, because the car was used with permission. It contends, however, that other specific provisions of the policy exclude coverage. We agree. As we concluded in *State Farm Fire and Casualty Co. v. Jones,* 86 Or App 584, 588, 739 P2d 1090 (1987), *rev'd on other grounds,* 306 Or 415, 759 P2d 271 (1988):

"The fact that an insurance policy both provides coverage and excludes coverage under specified circumstances does not make the policy ambiguous. Exclusions are intended to be unambiguous exceptions to the operation of coverage provisions, and the exclusion here succeeds in expressing that intent."

After reviewing the policy provisions specifically defining liability and collision coverage, we agree that the circumstances of this case come within the exclusions from coverage.

In the liability section of the policy, All Nations agrees to pay for

"damages for bodily injury or property damage, up to the limits of liability shown on the declarations page, for which the law holds you responsible because of a car accident involving a car we insure." (Emphasis omitted.)

The policy then provides an exclusion from liability under that section:

"This insurance doesn't cover any property damage to any property you rent, own, have charge of or are transporting." (Emphasis omitted.)

■     The trial court concluded, and we agree, that that language is unambiguous[3] and that the exclusion applies here, because Weitz had "charge of" plaintiff's truck at the time of the accident. Plaintiff argues that, as used in the policy, the phrase "in charge of" requires that a person must have more than possession and control of a vehicle and that the vehicle must be bailed to the person in control of it. He asserts that Weitz only had physical control of the pickup and that it was not bailed to her. Accordingly, he asserts that she did not have "charge of" it for purposes of the exclusion.

We conclude that the term "in charge of" is not ambiguous, *see Clark Motor Co. v. United Pac. Ins. Co.,* 172 Or 145, 151, 139 P2d 570 (1943), and that it includes a situation where the insured has possession and use of the vehicle with the owner's permission.[4] *See Crist v. Potomac Insurance Co.,* 243 Or 254, 261-62, 413 P2d 407 (1966); *see also Annot.,* 10 ALR3d 515, 516-22 (1966). Accordingly, even if we assume that no "bailment" existed, the damage to plaintiff's truck is not covered, because Weitz had possession and use of the vehicle with the owner's permission.

The other provision of the policy that could arguably cover the loss is the collision section, which provides:

"We promise to pay you for accidental damage to your car and its equipment when it's hit by or it hits another car, it hits another object or rolls over. We'll pay for the damage

---

[3] Because we conclude that the language is unambiguous on the face of the policy, it is unnecessary for us to consider plaintiff's argument regarding what meaning various witnesses would give to the policy language. *See Progressive Casualty Co. v. McManus,* 83 Or App 582, 585 n 1, 732 P2d 932 (1987).

[4] Plaintiff agrees that Weitz had permission to drive the vehicle.

minus any applicable deductible, as shown on the declarations page." (Emphasis omitted.)

Coverage under that provision, however, is limited by this language:

"This insurance doesn't cover any car you do not own unless it is a substitute car, or it is listed on the declarations page." (Emphasis omitted.)

■ Plaintiff's truck was not listed on the declarations page. Accordingly, coverage here is governed by whether or not it is a "substitute car," which is one used

"when any car described on the declarations page, or any replacement or addition, can't be used because it's being serviced or repaired, or it has been stolen or destroyed." (Emphasis omitted.)

Plaintiff argues that the language describing the circumstances under which a substitute car may be used is only illustrative and that the list is not meant to be exhaustive. The policy language, however, does not support plaintiff's argument. It is unambiguous and does not include the circumstances that occurred here. We conclude that the loss is not covered under the collision section of the policy. The trial court did not err in granting defendant's motion for summary judgment.

Affirmed.