Argued and submitted on March 5, decision of Court of Appeals and judgment of the
district court affirmed December 4, 1992

Matthew GAGE,
an individual,
*Petitioner on Review,*

*v.*

ALL NATIONS
INSURANCE COMPANY,
a foreign corporation,
*Respondent on Review.*

(DC 87C-641804; CA A62062; SC S38641)

842 P2d 784

Gordon T. Carey, Jr., Portland, argued the cause and filed the petition for petitioner on review.

John Paul Graff, of Graff & O'Neil, Portland, argued the cause for respondent. With him on the responses to the petition was James G. Breathouwer, of Breathouwer, Gilman & Mortland.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The issue in this case is whether defendant All Nations Insurance Company is liable for damage to plaintiff Gage's truck, that was caused by defendant's insured, Weitz. Defendant denied responsibility, relying on a provision in its policy that excludes liability coverage for property that its insured had "charge of." Both parties moved for summary judgment; the trial court granted defendant's motion and denied plaintiff's. The Court of Appeals affirmed. *Gage v. All Nations Ins. Co.*, 108 Or App 534, 816 P2d 682 (1991). Because we conclude that even under the test that he asks us to adopt plaintiff cannot prevail, we also affirm.

The material facts are not in dispute. Plaintiff delivered his truck to Snook's automobile detailing shop for detailing, giving Snook and his employees permission to drive the truck as necessary. Warford, Snook's employee, needed to return a car to another customer, and asked Weitz, a non-employee, to follow him in plaintiff's truck while he returned the car, and then to drive him back to the shop in the truck. Plaintiff concedes that he allowed Snook and his employees to drive his truck, as necessary, and that Warford had authority to permit Weitz to drive it for this purpose. While driving plaintiff's truck, Weitz rear-ended the car that Warford was driving, resulting in damage to both vehicles.

Defendant paid for the damage to the car that Warford was driving under the liability provisions of Weitz's policy, but refused to pay for the damage to plaintiff's truck. Defendant asserted that, because Weitz had "charge of" plaintiff's truck at the time of the accident, coverage was specifically excluded under the liability section of its policy and that, because the truck did not meet the definition of "substitute car,"[1] the damage was not covered under the collision section of its policy. Plaintiff obtained a judgment against Weitz and then brought this action against defendant.

Weitz's automobile insurance policy was a "plain language" policy that provided in part:

---

[1] Plaintiff does not argue that his truck was a "substitute car" under the provisions of Weitz's policy.

"CARS WE INSURE

"We insure any *car* described on the declarations page and any *car you* replace it with. * * *

"* * * * *

"We insure a substitute *car* when any *car* described on the declarations page, or any replacement or addition, can't be used because it's being serviced or repaired, or it has been stolen or destroyed. A *car* owned by *you* or a resident member of *your* family doesn't qualify as a substitute *car*.

"We insure other *cars you* use with the permission of the owner or of a person in lawful possession of the *car*, if that person has the right to give such permission, and provided the use is within the scope of the permission given.

"* * * * *

"LIABILITY INSURANCE

"OUR PROMISES TO YOU

"We promise to pay damages for bodily injury or property damage, up to the limits of liability shown on the declarations page, for which the law holds *you* responsible because of a *car accident* involving a *car* we insure. * * *

"* * * * *

"PROPERTY DAMAGE COVERED BY THIS INSURANCE

"This insurance covers [liability for] property damage that results from a *car accident*. Property damage means any injury to or destruction of physical property, including the loss of use of that property." (Emphasis in original.)

The parties agree that plaintiff's truck was an insured vehicle under the quoted policy language. Thus, unless expressly excluded by other language in the policy, damage to plaintiff's truck was covered under the liability provisions of Weitz's policy.

The provision relied on by defendant as excluding coverage is found in the "Property Damage Covered By This Insurance" section of the policy and reads:

"This insurance doesn't cover any property damage to any property *you* rent, own, have charge of or are transporting." (Emphasis in original.)[2]

---

[2] ORS 742.454 provides in part:

In the trial court, the parties filed cross-motions for summary judgment. Each argued that the policy is unambiguous and that each was entitled to prevail as a matter of law. Plaintiff argued, in the alternative, that the policy read as a whole is ambiguous and, therefore, that its meaning should be determined by a trier of fact. The trial court held that the policy unambiguously excluded coverage on these facts and granted defendant summary judgment. The Court of Appeals affirmed, explaining:

> "We conclude that the term 'in charge of' is not ambiguous, and that it includes a situation where the insured has possession and use of the vehicle with the owner's permission. Accordingly, even if we assume that no 'bailment' existed, the damage to plaintiff's truck is not covered, because Weitz had possession and use of the vehicle with the owner's permission." *Gage v. All Nations Ins. Co., supra,* 108 Or App at 539 (citations and footnote omitted).

We allowed plaintiff's petition for review.

Plaintiff contends that the Court of Appeals erred in affirming the trial court's summary judgment in defendant's favor. He argues that, as used in Weitz's policy, the words "have charge of" require that the insured must have more than possession and control of a vehicle with the owner's consent. He further argues that those words contemplate "something akin to a bailment." He asserts that Weitz only had physical control of his truck and that it was not bailed to her. Accordingly, he argues, Weitz did not "have charge of" his truck for purposes of the exclusion.[3]

---

"The motor vehicle liability insurance policy required by [the Financial Responsibility Law] need not insure * * * any liability for damage to property owned by, rented to, *in charge of,* or transported by the insured." (Emphasis added.)

Plaintiff does not argue that his truck was not "property" within the meaning of the exclusion in Weitz's policy.

[3] In support for his argument, plaintiff cites *Crist v. Potomac Insurance Co.,* 243 Or 254, 261, 413 P2d 407 (1966), noting that, in *Crist,* this court stated that "it has been held that the words 'in charge of' require something more than mere physical possession and connote a placing of responsibility in one person by the act of another * * *." Plaintiff ignores the fact that this quote continues: "* * * and, therefore, that the exclusionary clause does not apply where the insured was in possession of the property damaged *without the knowledge or consent of its owner*[.]" 243 Or at 261-62 (emphasis added). In this case, plaintiff concedes that Weitz used

A commonly accepted definition of bailment is a delivery of something of a personal nature by one party (bailor) to another (bailee), to be held according to the purpose or object of the delivery, and to be returned or delivered over when that purpose is accomplished. *Kantola v. Lovell Auto Co.*, 157 Or 534, 538, 72 P2d 61 (1937); *see Lamb Brothers, Inc. v. First State Bank of Oregon*, 285 Or 39, 58-59, 589 P2d 1094 (1979) (same); *Milwaukee Mechanics Ins. Co. v. Childs*, 201 Or 347, 350-51, 270 P2d 139 (1954) (where owner of automobile gratuitously loans same to another for use and purpose of latter, relationship between former and latter is that of bailor and bailee); *Butensohn v. Shoesmith*, 191 Or 76, 81-82, 228 P2d 426 (1951) ("accepted rule" is that when garage service person uses customer's car as part of service being rendered, garage person, while "in possession of" car, is bailee thereof).

Defendant responds that the words "have charge of" require nothing more than possession of property with the owner's consent and that Weitz clearly had possession of plaintiff's truck with his consent. Defendant relies primarily on *Clark Motor Co. v. United Pac. Ins. Co.*, 172 Or 145, 139 P2d 570 (1943), in which this court found a virtually identical exclusion provision to be unambiguous.[4]

The words "have charge of" (or variations of such words) in insurance policy exclusion clauses have been interpreted differently by the courts. *See* Couch on Insurance § 44A:21-22 (1981 Supp 1992) (citing cases); 6B Appleman, Insurance Law & Practice § 4328 (1979 Supp 1992) (noting the variety of interpretations of "charge of" liability exclusion provisions); 1 Insurance (Oregon CLE 1983) § 34.21

---

his truck with his consent. Moreover, it is not clear that *Crist v. Potomac Insurance Co., supra*, creates such a requirement as this, as the exclusion at issue in *Crist* used the phrase "care, custody or control," and the discussion of "in charge of" in that case, 243 Or at 261-62, was *dictum*.

[4] *Clark Motor Co. v. United Pac. Ins. Co.*, 172 Or 145, 139 P2d 570 (1943), was an action on a garage liability insurance policy to recover the money paid by the assured (garage) in satisfaction of a judgment obtained against it by Hallock, the owner of a car that was damaged while being towed to the garage for repairs by garage's truck. Garage's insurance company denied liability, relying on an "in charge of" exclusion in its policy. In *Clark Motor Co.*, this court found the words "in charge of" were "clear and unambiguous." 172 Or at 151. *Clark Motor Co.*, however, is factually distinguishable from this case.

(citing Oregon cases); *see generally*, Annotation, Scope of Provision of Automobile Liability Insurance Policy Excluding Liability for Damage to Property in Charge of Insured, or Variation of Such Provision, 10 ALR 3d 515 (1966). For the reasons that follow, however, we conclude that we need not choose between the interpretations argued by the parties.

Plaintiff argues that, although Weitz had possession of his truck with his consent, Weitz did not have "charge of" the truck, because she had only "temporary access" to the truck and "was never entrusted with [its] control." We believe that the average person would be surprised to be told that a person who was driving a truck with its owner's consent and who was liable for her negligent operation of that truck was not in "charge of" that truck.

■ We conclude that this arrangement created a bailment. The scope of Weitz's permission to use plaintiff's truck was limited. Generally, however, the scope of any bailment is limited in one way or another. As noted above, a bailment is

> "a delivery of [property] by one party to another, to be held according to the purpose or object of the delivery, and to be returned or delivered over when that purpose is accomplished[.]" *Kantola v. Lovell Auto Co., supra*, 157 Or at 538.

The fact that Weitz was expected to drive plaintiff's truck only a short distance is no support for a conclusion that her limited permission to use the truck, and her possession of it pursuant to that permission, was not a bailment of the truck, or that she was not in "charge of" the truck while she was driving it. These facts show a bailment. We hold that, even if plaintiff's interpretation of the words "have charge of" is correct, the exclusion in Weitz's policy bars recovery by plaintiff on these facts.[5]

The decision of the Court of Appeals is affirmed. The judgment of the district court is affirmed.

---

[5] In view of our holding, we need not consider plaintiff's alternative argument that, read as a whole, the policy is ambiguous.